■ In the Matter of SHINICE H. and Others, Children Alleged to be Neglected. TERRY M. et al., Respondents; LAW GUARDIAN, Appellant. [599 NYS2d 37] —Order, Family Court, Bronx County (Harvey M. Sklaver, J.) entered March 6, 1992, denying the Law Guardian's motion to modify the Family Court's September 3, 1991 dispositional order placing the children Maurice H. and Gloria M. in the custody of petitioner New York City Commissioner of Social Services, unanimously reversed, on the law, and the matter remanded for a new dispositional hearing at which the changed circumstances are to be considered in determining the best interests of the children, without costs and without disbursements.

The Family Court erroneously determined that it did not have jurisdiction to modify its prior order since such modification would circumvent the fair hearing decision of the New York State Department of Social Services (the DSS). For good cause shown, however, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding (Family Ct Act § 1061). It is the Family Court and not the DSS which acts as *parens patriae* to do what is in the best interests of the children *(Finlay v Finlay,* 240 NY 429, 433-434; *Matter of Samantha S.,* 80 Misc 2d 217, 220). Section 1061 "expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare" (Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1061, at 461). The two cases relied on by the Family Court, *People ex rel. Ninesling v Nassau County Dept. of Social*

*Servs.* (46 NY2d 382) and *Matter of Leonora M.* (104 AD2d 755), involved aggrieved foster parents whose claims had been resolved unfavorably to them in a fair hearing and did not involve a proceeding on behalf of the child. Concur—Murphy, P. J., Milonas, Kupferman, Ross and Nardelli, JJ.