■ In the Matter of CARRIE F., Respondent, v DAVID PP. et al., Respondents, and MICHELLE G., Appellant. (Proceeding No. 1.) In the Matter of MICHELLE G., Appellant, v BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. (Proceeding No. 2.) [825 NYS2d 791]—

Kane, J. Appeals (1) from an order of the Family Court of Broome County (Pines, J.), entered September 14, 2005, which granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 10, to modify a prior dispositional order, and (2) from an order of said court, entered December 13, 2005, which dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 10, to modify the court's September 2005 order.

In the underlying Family Ct Act article 10 proceeding, the child was adjudicated neglected by Carrie F. (hereinafter the mother). Family Court's dispositional order, entered on consent, placed the child with Michelle G. (hereinafter the grandmother) for a period of 12 months. In proceeding No. 1, the mother subsequently sought to modify the dispositional order (see Family Ct Act § 1061), alleging that the grandmother moved to Colorado and left the child with respondent David PP. (hereinafter the father). Neither the father nor grandmother appeared in court on that petition. In September 2005, the court modified the dispositional order by placing the child in the care of respondent Broome County Department of Social Services. The grandmother later commenced proceeding No. 2 to modify the September order to provide her with custody. In December 2005, Family Court dismissed that petition without a hearing. The grandmother appeals from both the September and December orders.

Family Court did not err in modifying the dispositional order. The court has discretion in determining whether a hearing is necessary upon a motion to modify an existing dispositional order (see Family Ct Act § 1064; *Matter of Davies v Davies*, 223 AD2d 884, 886 [1996]). Where the court possesses information sufficient to afford a comprehensive, independent review, a hearing is not required (see *Matter of Davies v Davies, supra* at 886; *Matter of Oliver S. v Chemung County Dept. of Social Servs.*, 162 AD2d 820, 821-822 [1990]). Here, the mother's modification petition, the Department's home study and statements made on the record showed that the grandmother had either temporarily or permanently moved to another state and left the child with an inappropriate caregiver. She did so without informing the Department, which was still responsible for supervising the family. Based on the information presented, there was good cause to modify the Family Ct Act article 10 order and the court did not abuse its discretion in doing so without a hearing.

Family Court also properly dismissed the grandmother's peti-

tion without a hearing. That petition seeking custody was insufficient on its face because it failed to allege good cause for modification of the prior order (*see* Family Ct Act § 1061; *Matter of Melissa FF.*, 285 AD2d 682, 683 [2001]).

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.