■ In the Matter of TINA MARIE C., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GARY C., Respondent; DIANE B. GROOM, Nonparty Appellant; PATRICIA M., Nonparty Respondent. (Proceeding No. 1.) In the Matter of VICTORIA C. , an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GARY C., Respondent; DIANE GROOM, Nonparty Appellant; PATRICIA M., Nonparty Respondent. (Proceeding No. 2.) [886 NYS2d 832]—

In two related child protective proceedings pursuant to Family Court Act article 10, the attorney for the children appeals, as limited by her brief, from stated portions of an order of the Family Court, Suffolk County (Tarantino, J.), dated March 20, 2009, which, inter alia, after a hearing, extended supervision of the father by the Suffolk County Department of Social Services only until September 20, 2009.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In an order of fact-finding and disposition dated April 24, 2008, the Family Court determined that the father sexually abused his older daughter and derivatively neglected his youn-

ger daughter. In addition, the Family Court, inter alia, placed the father under the supervision of the petitioner, Suffolk County Department of Social Services (hereinafter the DSS) for a period of one year, i.e., until April 24, 2009. The Family Court also, among other things, required the father to attend and participate in a sex offenders treatment program at the DSS's direction, and follow all recommended treatment.

In February 2009, the DSS commenced a proceeding on behalf of the younger daughter, seeking to extend the period of supervision of the father for an additional year, i.e., until April 24, 2010. In the petition, the DSS alleged, inter alia, that the father was in a sex offenders treatment program, which, the DSS anticipated, would not be completed until sometime after April 24, 2009.

Where, as here, the Family Court issues an order of disposition in a child protective proceeding, and imposes a period of supervision of the parent, the Family Court "may at the expiration of that period, upon a hearing and for good cause shown, make successive extensions of such supervision of up to one year each" (Family Ct Act § 1057; *see Matter of Patricia B.*, 61 AD3d 861, 862 [2009]). Considering, among other things, the fact that the Family Court may extend the period of supervision of the father for a second time if he did not successfully complete the sex offenders treatment program by September 20, 2009, the Family Court properly decided to extend that period only until that date.

The appellant's remaining contention is academic in light of our determination. Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.