■ In the Matter of TIANA G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GASTON Y., Appellant. (Proceeding No. 1.) In the Matter of NATASHA M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GASTON Y., Appellant. (Proceeding No. 2.) In the Matter of KASEAN Y. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GASTON Y., Appellant. (Proceeding No. 3.) In the Matter of ADANTE Y. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GASTON Y., Appellant. (Proceeding No. 4.) [924 NYS2d 284]— In four related proceedings pursuant to Family Court Act article 10, Gaston Y. appeals from two orders of fact-finding and disposition of the Family Court, Suffolk County (Hoffman, J.) (one as to the children Tiana G., Natasha M., and Kasean Y., and one as to the child Adante Y.), both dated April 28, 2010, made after hearings, which, inter alia, found that the appellant neglected the subject children and placed him under the supervision of the Suffolk County Department of Social Services for a period of one year.

Ordered that the appeals from so much of the orders of fact-finding and disposition as placed the appellant under the supervision of the Suffolk County Department of Social Services for a period of one year are dismissed as academic, without costs or disbursements, as those portions of the orders expired by their own terms on April 28, 2011 (see Matter of Jordan E., 57 AD3d 539 [2008]); and it is further,

Ordered that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements.

The appellant's contention that the Family Court should have adjourned the instant Family Court proceeding pending resolution of a related criminal proceeding against him is without merit (see Matter of Diane H., 5 AD3d 770 [2004]; Matter of New York City Commr. of Social Servs. v Elminia E., 134 AD2d 501 [1987]; Matter of Germaine B., 86 AD2d 847, 848 [1982]). Moreover, contrary to the appellant's contention, the District Attorney in the related criminal proceeding was not a necessary party to this proceeding (cf. Family Ct Act § 254).

The appellant's remaining contentions are without merit. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.