■ In the Matter of NATASHA M., SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GASTON Y., Respondent. DANIELLE SCHWAGER, Nonparty Appellant. [941 NYS2d 687]—

In a proceeding pursuant to Family Court Act article 10, the attorney for the child appeals from an order of the Family Court, Suffolk County (Hoffman, J.), dated October 4, 2011, which, without a hearing, granted the motion of Gaston Y. to modify a prior order of the same court dated April 11, 2011, to the extent of permitting two hours of visitation per week between Gaston Y. and the subject child, to be supervised by the petitioner or a person approved by the petitioner.

Ordered that the order dated October 4, 2011, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.

In 2009 the petitioner commenced this proceeding alleging that Gaston Y. had engaged in sexual contact with the daughter of his former paramour, and sought to limit his contact with the subject child, the daughter of his new paramour. In an order of fact-finding and disposition dated April 28, 2010, the Family Court, inter alia, found that Gaston Y. had neglected the subject child, and placed Gaston Y. under the petitioner's supervision for a period of one year (*see* Family Ct Act § 1052 [a] [v]; § 1057; *Matter of Tiana G. [Gaston Y.]*, 84 AD3d 1375 [2011]). The supervision was extended in an order dated April 11, 2011. The terms of Gaston Y.'s supervision included a condition that Gaston Y. have no contact with the subject child.

Gaston Y. and the subject child's mother subsequently married. In August 2011, Gaston Y. moved to modify the order dated April 11, 2011, so as to be permitted visitation with the subject child. The petitioner consented to supervised contact between Gaston Y. and the subject child, but the attorney for the child opposed it. In an order dated October 4, 2011, the Family Court, without a hearing, granted Gaston Y.'s motion to the extent of permitting two hours of visitation per week between Gaston Y.

and the subject child, to be supervised by the petitioner or a person approved by the petitioner.

Under the circumstances of this case, we agree with the attorney for the child that the Family Court should have conducted a full evidentiary hearing before determining whether Gaston Y. demonstrated "good cause" for modification of the prior order of supervision (Family Ct Act § 1061), and whether modification of the prior order would be in the best interests of the subject child (see Matter of Lemar H., 23 AD3d 383, 384 [2005]). Accordingly, we remit the matter to the Family Court, Suffolk County, to conduct such a hearing and make such determinations, and for a new determination of the motion thereafter.

The remaining contention of the attorney for the child is without merit. Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.