In related child protective proceedings pursuant to Family Court Act article 10, Kevin M.H. and Phoebe K.H. appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (IDV Part) (Crecca, J.), dated February 9, 2012, as, in effect, denied, without a hearing, their motion pursuant to Family Court Act § 1061 to modify and extend an order of disposition and a related order of protection of the Family Court.
Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County (IDV Part), for a hearing and, thereafter, a new determination of the appellants’ motion.
The petitioner, Suffolk County Department of Social Services (hereinafter DSS) filed a petition alleging that the father neglected the appellants, the subject children, by regularly exploiting them in marital/custodial disputes and by engaging in harassing and aggressive behavior. After a hearing, the Family Court, in an order of disposition and a related order of protection, inter alia, adjudged that facts sufficient to sustain the petition had been established, released the appellants to the custody of the mother, placed the father under the supervision of the DSS, and limited the father’s contact with the appellants to supervised visitation. The order of disposition and related order of protection were subsequently extended. Thereafter, the DSS filed a petition to further extend the period of supervision and order of protection, and, during the pendency of the proceedings, the matter was transferred to the Integrated Domestic Violence Part of the Supreme Court. The Supreme Court, inter alia, granted an application by the DSS to withdraw the pending petition and, in effect, denied, without a hearing, the appellants’ motion pursuant to Family Court Act § 1061 to modify and extend the order of disposition and the related order of protection of the Family Court.
Pursuant to Family Court Act § 1061, the court may modify any order issued during the course of a proceeding under article 10 for “good cause shown.” The statute “expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child’s welfare” (Matter of *692 Angelina AA., 222 AD2d 967, 968-969 [1995], citing Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1061 at 461 [1995]; see Matter of Kenneth QQ. [Jodi QQ.], 77 AD3d 1223 [2010]; Matter of Shinice H., 194 AD2d 444 [1993]). “As with an initial order, the modified order ‘must reflect a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record’ ” (Matter of Kenneth QQ. [Jodi QQ.], 77 AD3d at 1224, quoting Matter of Elijah Q., 36 AD3d 974, 976 [2007]; see also Matter of Natasha M. [Gaston Y.], 94 AD3d 765 [2012]).
Under the circumstances presented here, the Supreme Court erred when it, in effect, denied the appellants’ motion without conducting a hearing to determine whether they demonstrated “good cause” to extend the prior orders of the Family Court and whether such extension was in their best interests (see Matter of Natasha M. [Gaston Y.], 94 AD3d 765 [2012]; Matter of Araynnah B. [Moshammet R.], 80 AD3d 608 [2011]; Matter of Angelina AA., 222 AD2d 967 [1995]). Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for a hearing and, thereafter, a new determination of the appellants’ motion.
The parties’ remaining contentions are not properly before this Court. Skelos, J.P., Dillon, Hall and Miller, JJ., concur.