■ In the Matter of JAHRED S. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILBERT S., Appellant. (Proceeding No. 1.) In the Matter of NORA S. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILBERT S., Appellant. (Proceeding No. 2.) In the Matter of JUSTINE S. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILBERT S., Appellant. (Proceeding No. 3.) [52 NYS3d 402]—

Appeal by the father from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated June 2, 2016. The order, insofar as appealed from, after a hearing, modified an order of disposition and an order of protection of that court (Gail B. Rice, J.), both dated December 1, 2014, and extended supervision of the father by the Westchester County Department of Social Services for 12 months.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On December 1, 2014, the Family Court, upon a finding that the father neglected the subject children by, among other things, committing acts of domestic violence against the children's mother in their presence, issued an order of disposition placing the father under the supervision of the Westchester County Department of Social Services (hereinafter DSS) for a period of 6 months and directing him to comply with an order of protection in favor of the children which directed him to refrain from any acts of violence, including domestic violence. Prior to the expiration of those orders, DSS filed a petition pursuant to Family Court Act § 1072 alleging that the father had violated the order of disposition and the order of protection. In addition, pursuant to Family Court Act § 1057 (d), DSS filed petitions seeking to extend its supervision of the father for a period of 12 months. After a joint hearing, the court dismissed the violation petition, determining that DSS had failed to present competent proof of a willful violation of the terms of the order of disposition or the order of protection, but granted the extension petitions, determining that there was good cause shown to extend the period of supervision for 12 months. In addition, pursuant to Family Court Act § 1061, the court found good cause to modify the order of disposition and the order of protection. The court modified the order of disposition to include a provision directing the father to attend, participate in, and complete a batterer's intervention program. The court modified the order of protection by directing that the father stay away from the home of the children and that all exchanges of the children between the mother and the father in connection with the father's visitation shall take place at the Mount Vernon Police Department. The father appeals.

The Family Court providently exercised its discretion in extending DSS's supervision of the father and modifying the order of disposition and the order of protection. Where the Family Court issues an order of disposition in a child protective proceeding and imposes a period of supervision of the parent, the court "may at the expiration of that period, upon a

hearing and for good cause shown, extend such release or supervision or both for a period of up to one year" (Family Ct Act § 1057 [d]; *see Matter of Tina Marie C.*, 66 AD3d 1011, 1012 [2009]). In addition, pursuant to Family Court Act § 1061, the Family Court may, for good cause shown, set aside, modify, or vacate any order issued in the course of a child protective proceeding (*see* Family Ct Act § 1061; *Matter of Kevin M.H. [Kevin H.]*, 102 AD3d 690 [2013]; *Matter of Desiree L.*, 28 AD3d 484 [2006]). As with an initial order, the modified order must reflect a resolution consistent with the best interests of the children after consideration of all relevant circumstances, and must be supported by a sound and substantial basis in the record (*see Matter of Kevin M.H. [Kevin H.]*, 102 AD3d at 692; *Matter of Natasha M. [Gaston Y.]*, 94 AD3d 765, 766 [2012]). Hearsay evidence is admissible at a hearing held pursuant to Family Court Act §§ 1057 (d) and 1061 (*see* Family Ct Act § 1046 [c]).

Here, the record established that on or about December 16, 2014, an altercation occurred between the mother and the father, during which the mother sustained an injury. As a result of the incident, the father was arrested and charged with assault. The evidence further demonstrated that the children were present in the home during the incident. Based on this evidence, as well as the prior finding that the father neglected the children, the court properly determined that there was good cause to extend supervision and to modify the order of disposition and the order of protection (*see* Family Ct Act §§ 1056, 1057 [d]; 1061; *Matter of Mario D. [Marina L.]*, 147 AD3d 828 [2017]; *Matter of Commissioner of Social Servs. of City of N.Y. v Leona W.*, 192 AD2d 602, 604 [1993]). Moreover, viewing the totality of the circumstances, the court's modified orders were consistent with the best interests of the children (*see Matter of Kevin M.H. [Kevin H.]*, 102 AD3d at 692; *Matter of Natasha M. [Gaston Y.]*, 94 AD3d 765 [2012]).

The father's remaining contentions are without merit. Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.