■ In the Matter of SUTTON S., Appellant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ABIGAIL E.S., Respondent. (Proceeding No. 1.) In the Matter of TUCKER S., Appellant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ABIGAIL E.S., Respondent. (Proceeding No. 2.) In the Matter of BRIGGS S., Appellant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ABIGAIL E.S., Respondent. (Proceeding No. 3.) In the Matter of SOPHIA S., Appellant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ABIGAIL E.S., Respondent. (Proceeding No. 4.) [58 NYS3d 532]—

Appeal by the subject children from an order of the Family Court, Nassau County (Robin M. Kent, J.), dated March 2, 2016. The order, without a hearing, granted the petition of the Nassau County Department of Social Services, inter alia, to vacate a prior order of protection of that court dated June 30, 2015, against the mother and in favor of the children.

Ordered that the order dated March 2, 2016, is affirmed, without costs or disbursements.

In this Family Court Act article 10 proceeding, the petitioner, the Nassau County Department of Social Services, filed a petition on November 16, 2015, inter alia, to vacate a prior order of protection against the mother and in favor of the subject children. The children, through their attorney, opposed the petition. The Family Court, without a hearing, granted the petition and vacated the order of protection.

Pursuant to Family Court Act § 1061, the court may modify an order issued during the course of a proceeding under article 10 for "good cause shown" (Family Ct Act § 1061; *see Matter of Bernalysa K. [Richard S.]*, 118 AD3d 885, 885 [2014]; *Matter of Kevin M.H. [Kevin H.]*, 102 AD3d 690, 691 [2013]). "As with an initial order, the modified order 'must reflect a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record' " (*Matter of Kenneth QQ. [Jodi QQ.]*, 77 AD3d 1223, 1224 [2010], quoting *Matter of Elijah Q.*, 36 AD3d 974, 976 [2007]). The court has discretion in determining whether a hearing is necessary upon a motion to vacate an existing dispositional order (*see* Family Ct Act § 1064; *Matter of Allison C. [Angel C.]*, 130 AD3d 1026

[2015]; *Matter of Carrie F. v David PP.*, 34 AD3d 1108, 1109 [2006]). Where the court possesses information sufficient to afford a comprehensive, independent review, a hearing is not required (*see Matter of Allison C. [Angel C.]*, 130 AD3d 1026 [2015]; *Matter of Carrie F. v David PP.*, 34 AD3d at 1109). Here, the Family Court did not improvidently exercise its discretion in granting the petition without a hearing. Moreover, the record supports the court's determination that the petitioner established good cause to vacate the order of protection against the mother. Balkin, J.P., Austin, Roman and LaSalle, JJ., concur.