Matter of Myeenul E. (Mizanul E.) (2018 NY Slip Op 02615)





Matter of Myeenul E. (Mizanul E.)


2018 NY Slip Op 02615


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2017-04236
 (Docket Nos. N-19683-15/16A/C, N-19684-15/16A/C, N-17786-16/16A, N-17787-16/16A, N-19682-16/16A)

[*1]In the Matter of Myeenul E. (Anonymous). Suffolk County Department of Social Services, appellant; Mizanul E. (Anonymous), et al., respondents. (Proceeding No. 1)
In the Matter of Mariayah E. (Anonymous). Suffolk County Department of Social Services, appellant; Mizanul E. (Anonymous), et al., respondents. (Proceeding No. 2)
In the Matter of Mahar E. (Anonymous), nonparty-appellant. Suffolk County Department of Social Services, appellant; Mizanul E. (Anonymous), et al., respondents. (Proceeding No. 3)


Dennis M. Brown, County Attorney, Central Islip, NY (James G. Bernet of counsel), for appellant in Proceeding Nos. 1 and 3 and for petitioner-appellant in Proceeding No. 3.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child, the nonparty-appellant Mahar E.
Margaret Schaefler, Babylon, NY, for respondent Mizanul E.
Salvatore C. Adamo, New York, NY, for respondent Mahmuda E.
Laura C. Golightly, Hauppauge, NY, attorney for the children Myeenul E. and [*2]Mariayah E.



DECISION & ORDER
In related neglect proceedings pursuant to Family Court Act article 10, the petitioner in Proceeding Nos. 1 and 2 appeals, and the child in Proceeding No. 3 separately appeals, from an order of the Family Court, Suffolk County (Philip Goglas, J.), dated April 7, 2017. The order, insofar as appealed from, modified a prior order of the same court dated February 8, 2016, so as to place the child Mahar E. in the care and custody of the Suffolk County Department of Social Services, nunc pro tunc to October 27, 2016, and dismissed petitions filed by the attorney for the child Mahar E.
ORDERED that the order dated April 7, 2017, is modified, on the law, by deleting the provision thereof directing that the placement of the child Mahar E. was made "nunc pro tunc to October 27, 2016"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father are the parents of Myeenul E., Mariayah E., and Mahar E. (hereinafter individually Myeenul, Mariayah, and Mahar, and collectively the children). In December 2015, the Suffolk County Department of Social Services (hereinafter DSS) filed a child neglect petition against the father, on behalf of the children, based on allegations of domestic violence and excessive corporal punishment. On February 8, 2016, the Family Court adjudicated the father a neglectful parent, and issued an order of disposition releasing the children to the mother, placing the family under the supervision of DSS for a period of one year, and directing that the father comply with orders of protection in favor of the children, which, inter alia, excluded the father from the family home. By orders dated October 3, 2016, and October 14, 2016, the court modified the order of disposition by extending the orders of protection to October 3, 2017, thereby effectively extending its supervision over the family to that same date (see Family Ct Act § 1056[1], [4]; Matter of Sheena D., 8 NY3d 136).
On October 18, 2016, the attorney for Mahar made an application pursuant to Family Court Act § 1022 for Mahar's temporary removal from the mother's care. Following a hearing, the Family Court denied the application for removal, and instead issued temporary orders of protection against the mother and the father.
On October 26, 2016, the attorney for Mahar renewed the application pursuant to Family Court Act § 1022 for removal. Following a hearing, the Family Court granted the application, finding that the mother may have violated the orders of protection.
On October 27, 2016, the attorney for Mahar, upon leave granted by the Family Court pursuant to Family Court Act § 1032(b), filed new neglect petitions against the mother and the father. By order dated October 31, 2016, one day before Mahar's 18th birthday, the Family Court directed Mahar's temporary removal from the home pursuant to Family Court Act § 1027.
The next day, November 1, 2016, the attorney for Myeenul and Mariayah filed a petition pursuant to Family Court Act § 1061 to further modify the order of disposition by permitting the father return to the home.
In the order appealed from dated April 7, 2017, the Family Court modified the dispositional order pursuant to Family Court Act § 1061 as to the child Mahar only, for good cause shown. Specifically, the court directed that Mahar be placed in the care of DSS, nunc pro tunc to October 27, 2016, the date on which Mahar's attorney filed new neglect petitions against the parents. [*3]Upon making this dispositional modification, the court dismissed the petitions filed by Mahar's attorney for "facial insufficiency." The court further granted the petition for modification filed by the attorney for Myeenul and Mariayah, finding that it was in their best interests to permit the father to return to the family home.
DSS appeals from so much of the order dated April 7, 2017, as modified the order of disposition nunc pro tunc, and Mahar appeals from so much of the order as dismissed her new neglect petitions against both parents.
The Family Court providently exercised its discretion in modifying the order of disposition and placing the child Mahar in the care and custody of DSS. Pursuant to Family Court Act § 1061, the court may modify any order issued during the course of a proceeding under article 10 for "good cause shown and after due notice." The statute " expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare'" (Matter of Angelina AA., 222 AD2d 967, 968-969, quoting Douglas J. Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1061 at 461 [1983 ed]; see Matter of Kenneth QQ. [Jodi QQ.], 77 AD3d 1223; Matter of Shinice H., 194 AD2d 444). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record'" (Matter of Kenneth QQ. [Jodi QQ.], 77 AD3d at 1224, quoting Matter of Elijah Q., 36 AD3d 974, 976; see also Matter of Natasha M. [Gaston Y.], 94 AD3d 765). "[T]he conducting of a hearing under section 1061 is not mandated, but is left entirely to the Family Court's discretion" (Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 209; see Family Ct Act § 1064).
Here, the record supports the Family Court's finding that Mahar had a strained relationship with her parents, and that the mother was unable to adequately care for her due to significant disability, and language and cultural barriers. Moreover, evidence presented at the hearings pursuant to Family Court Act § 1022 established that Mahar was subjected to a hostile home environment, where the parents blamed her for the father's absence from the home. Based on this evidence, as well as the prior finding that the father neglected the children, and the temporary order directing Mahar's removal for the parents' care, the court properly determined that there was good cause to modify the order of disposition and place Mahar in the care and custody of DSS (see Family Ct Act §§ 1052, 1055, 1061). Moreover, viewing the totality of the circumstances, the court's modified order was consistent with Mahar's best interests (see Matter of Kevin M.H. [Kevin H.], 102 AD3d 690, 692; Matter of Natasha M. [Gaston Y.], 94 AD3d 765).
However, the Family Court erred in making its modified order nunc pro tunc to October 27, 2016, as there was no record of any Family Court Act § 1061 application at that time, nor were any proceedings held on that date (see Cornell v Cornell, 7 NY2d 164; Merrick v Merrick, 266 NY 120, 122). Nevertheless, this error does not warrant reversal. Pursuant to the section 1027 order of removal, dated October 31, 2016, Mahar entered and remained in foster care prior to her 18th birthday. The Family Court therefore had continuing jurisdiction over her (see Family Ct Act §§ 1013[c]; 1087, 1088), such that a nunc pro tunc order of placement, intended to predate her 18th birthday, was unnecessary.
Finally, under the circumstances here, where the Family Court modified its prior order to grant relief to Mahar, it did not err in dismissing the new neglect petitions.
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court