Matter of Yosepha K. (Chana D.) (2018 NY Slip Op 06905)





Matter of Yosepha K. (Chana D.)


2018 NY Slip Op 06905


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-07535
 (Docket Nos. N-4763-13, N-4764-13)

[*1]In the Matter of Yosepha K. (Anonymous), also known as Chaya K. (Anonymous). Administration for Children's Services, petitioner-respondent; Chana D. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Rivah K. (Anonymous). Administration for Children's Services, petitioner-respondent; Chana D. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)


Anthony DeGuerre, Staten Island, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Eric Lee of counsel), for petitioner-respondent.
Ralph R. Carrieri, Mineola, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an amended order of the Family Court, Kings County (Ann E. O'Shea, J.), dated May 2, 2016. The amended order, insofar as appealed from, after a hearing, granted the motion of the Administration for Children's Services pursuant to Family Court Act § 1061 to modify an order of fact-finding and disposition of the same court dated October 1, 2014, so as to vacate the trial discharge of the subject children to the parents and to place the subject children in the continued care and custody of the Commissioner of the Administration for Children's Services and OHEL Children's Home and Family Services.
ORDERED that the amended order is affirmed insofar as appealed from, without costs or disbursements.
In 2013, the Administration for Children's Services (hereinafter ACS) filed petitions alleging that both parents neglected the two subject children. The parents subsequently consented to a finding of neglect without admission pursuant to Family Court Act § 1051(a). In an order of fact-finding and disposition dated October 1, 2014, the children were placed in the custody of the Commissioner of ACS to remain in foster care until the next permanency hearing. The order of fact-finding and disposition also provided that the children "shall be trial-discharged to the parents in 30 days" under certain conditions.
In 2015, ACS moved pursuant to Family Court Act § 1061 to modify the order of fact-finding and disposition so as to vacate the trial discharge. Following a hearing, the Family Court granted the motion and placed the children in the continued care and custody of the Commissioner of ACS and OHEL Children's Home and Family Services to reside in foster care. The mother appeals.
Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding "[f]or good cause shown." This statute "expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare" (Matter of Angelina AA., 222 AD2d 967, 968-969 [internal quotation marks omitted]; see Matter of Boston G. [Jennifer G.], 157 AD3d 675, 677). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Kenneth QQ. [Jodi QQ.], 77 AD3d 1223, 1234 [internal quotation marks omitted]; see Matter of Myeenul E. [Mizanul E.], 160 AD3d 848, 850; Matter of Boston G. [Jennifer G.], 157 AD3d at 677; Matter of Leenasia C. [Lamarriea C.], 154 AD3d 1, 9).
Here, the Family Court did not improvidently exercise its discretion in modifying the order of fact-finding and disposition so as to vacate the trial discharge of the children to the parents in light of, inter alia, the evidence that the parents took the children from New York City for approximately one week in early 2015 without informing ACS of their whereabouts, and their failure to comply with conditions of the order of fact-finding and disposition, including ACS supervision and twice-weekly therapy for the older child (see Family Ct Act §§ 1052, 1055, 1061; Matter of Myeenul E. [Mizanul E.], 160 AD3d at 850; Matter of Jahred S. [Wilbert S.], 149 AD3d 963, 964-965; Matter of Carrie F. v David PP., 34 AD3d 1108, 1109).
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court