Matter of Emma R. (Evelyn R.) (2019 NY Slip Op 04948)





Matter of Emma R. (Evelyn R.)


2019 NY Slip Op 04948


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2018-06983
 (Docket Nos. N-15256-16, N-15257-16)

[*1]In the Matter of Emma R. (Anonymous). Administration for Children's Services, respondent; Evelyn R. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Ethan G. (Anonymous). Administration for Children's Services, respondent; Evelyn R. (Anonymous), appellant. (Proceeding No. 2)


Heath J. Goldstein, Jamaica, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Rebecca L. Visgaitis of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell, Marcia Egger, and Marjan Daftary of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated April 17, 2018. The order denied the mother's motion pursuant to Family Court Act § 1061 to vacate so much of an order of fact-finding and disposition of the same court dated March 8, 2017, as, upon her consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), found that she neglected the subject children and imposed certain conditions upon her custody of them.
ORDERED that the order dated April 17, 2018, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the mother's motion pursuant to Family Court Act § 1061 to vacate so much of the order of fact-finding and disposition dated March 8, 2017, as, upon her consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), found that she neglected the subject children and imposed certain conditions upon her custody of them, is granted.
In August 2016, the Administration for Children's Services (hereinafter ACS) filed petitions alleging that the mother neglected her son through inadequate supervision and derivatively neglected her daughter. In an order of fact-finding and disposition dated March 8, 2017, issued upon the mother's consent without admission pursuant to Family Court Act § 1051(a), the Family Court found that she neglected the children as alleged in the petitions. The court released the children to the mother, under ACS supervision, for 12 months upon certain conditions, such as compliance with recommended services.
In February 2018, the mother moved pursuant to Family Court Act § 1061 to vacate so much of the order of fact-finding and disposition as, upon her consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), found that she neglected the children and imposed certain conditions upon her custody of them. The Family Court denied the mother's motion, and the mother appeals.
Pursuant to Family Court Act § 1061, the Family Court may, for good cause shown, set aside, modify, or vacate any order in the course of a proceeding under article 10 of the Family Court Act (see Matter of Lucinda R. [Tabitha L.], 85 AD3d 78, 83). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the children after consideration of all relevant circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Jahred S. [Wilbert S.], 149 AD3d 963, 965).
Here, the mother demonstrated good cause to vacate so much of the order of fact-finding and disposition as, upon her consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), found that she neglected the children and imposed certain conditions upon her custody of them. The mother demonstrated that she had successfully completed the court-ordered programs, that she had fully complied with the conditions of the order of disposition, and that the requested modification of the order of fact-finding and disposition was in the best interests of the children (see Matter of Boston G. [Jennifer G.], 157 AD3d 675; Matter of Daniella A. [Jessica A.], 153 AD3d 426, 426-427; Matter of Eric Z. [Guang Z.], 100 AD3d 646, 648). Accordingly, under the circumstances of this case, the mother's motion should have been granted.
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court