Matter of Aaliyah T. (Sheena A. D.) (2019 NY Slip Op 08196)





Matter of Aaliyah T. (Sheena A. D.)


2019 NY Slip Op 08196


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-10616
 (Docket Nos. N-3229-16, N-3230-16, N-3231-16)

[*1]In the Matter of Aaliyah T. (Anonymous). Administration for Children's Services, respondent; Sheena A. D. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Ju'Elz T. (Anonymous). Administration for Children's Services, respondent; Sheena A. D. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Amirah T. (Anonymous). Administration for Children's Services, respondent; Sheena A. D. (Anonymous), appellant. (Proceeding No. 3.)


Daniel E. Lubetsky, Jamaica, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Deborah A. Brenner and Susan Paulson of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Melody Glover, J.), dated September 10, 2018. The order, after a hearing, denied the mother's motion pursuant to Family Court Act § 1061 to vacate so much of an order of fact-finding and disposition of the same court dated March 29, 2017, as, upon her consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), found that she neglected the subject children.
ORDERED that the order dated September 10, 2018, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the mother's motion pursuant to Family Court Act § 1061 to vacate so much of the order of fact-finding and disposition dated March 29, 2017, as, upon her consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), found that she neglected the subject children is granted.
In February 2016, the Administration for Children's Services (hereinafter ACS) filed petitions alleging that the mother neglected the subject children because she failed to obtain mental health treatment and had been hospitalized for psychiatric reasons. The children were subsequently [*2]placed in their father's custody. The mother was allowed supervised parental access with the children, which was expanded to four hours of unsupervised parental access conditioned upon her continued compliance with mental health treatment. In an order of fact-finding and disposition dated March 29, 2017, issued upon the mother's consent without admission pursuant to Family Court Act § 1051(a), the Family Court found that the mother neglected the children as alleged in the petitions, but suspended judgment for one year upon stated terms and conditions. The suspended judgment required the mother to continue with her mental health treatment, including taking any recommended medication, keep ACS apprised of her address, and visit with the children. The court granted the mother overnight parental access with the children, with ACS having discretion to expand to overnight weekend parental access, and released the children to the custody of the father, under ACS supervision, upon certain conditions.
In May 2018, the mother moved pursuant to Family Court Act § 1061 to vacate so much of the order of fact-finding and disposition as, upon her consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), found that she neglected the children. In support of the motion, the mother submitted, inter alia, (1) letters from her treating clinicians, which established that she had been in psychotherapy since March 2016, she was compliant, and no medication had been ordered, (2) a report from ACS indicating that the eldest child particularly enjoyed overnight weekend parental access with the mother, that the mother was compliant with the court-ordered services, and that ACS would not be seeking an extension of supervision for the mother, and (3) a certificate establishing that the mother had completed a parenting skills class. The Family Court denied the mother's motion, and the mother appeals.
Pursuant to Family Court Act § 1061, the Family Court may, for good cause shown, set aside, modify, or vacate any order in the course of a proceeding under article 10 of the Family Court Act (see Matter of Lucinda R. [Tabitha L.], 85 AD3d 78, 83). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the children after consideration of all relevant circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Jahred S. [Wilbert S.], 149 AD3d 963, 965).
Here, the mother demonstrated good cause to vacate so much of the order of fact-finding and disposition as, upon her consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), found that she neglected the children. The mother demonstrated that she had successfully completed the court-ordered services and programs and that the requested vacatur of the finding of neglect was in the best interests of the children (see Matter of Emma R. [Evelyn R.], 173 AD3d 1037; Matter of Boston G. [Jennifer G.], 157 AD3d 675; Matter of Daniella A. [Jessica A.], 153 AD3d 426, 426-427; Matter of Eric Z. [Guang Z.], 100 AD3d 646, 648). Accordingly, under the circumstances of this case, the mother's motion should have been granted.
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court