Matter of Rosie C. D. (Lisa C.) (2025 NY Slip Op 01804)

Matter of Rosie C. D. (Lisa C.)

2025 NY Slip Op 01804

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-04993
 (Docket No. N-12345-18)

[*1]In the Matter of Rosie C. D. (Anonymous). Administration for Children's Services, respondent; Lisa C. (Anonymous), appellant.

Rhonda R. Weir, Brooklyn, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Geoffrey E. Curfman of counsel), for respondent.
Matthew J. Kazansky, Brooklyn, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Erik S. Pitchal, J.), dated May 3, 2023. The order granted the petitioner's motion to modify a permanency order of the same court (Frank M. Hoelldobler, Ct. Atty. Ref.) dated November 18, 2022, and an order of the same court (Erik S. Pitchal, J.) dated February 17, 2023, so as to, inter alia, vacate the provisions therein providing for certain unsupervised overnight parental access with the subject child, and denied the mother's cross-motion, in effect, to enforce the overnight parental access provisions of the permanency order dated November 18, 2022, and the order dated February 17, 2023.
ORDERED that the order dated May 3, 2023, is affirmed, without costs or disbursements.
In a child protective proceeding pursuant to Family Court Act article 10, "[t]he best interests of the children determine whether [parental access] should be permitted to a parent who has committed abuse or neglect" (Matter of Amparo B.T. [Carlos B.E.], 118 AD3d 809, 811; see Family Court Act § 1030[c]; Matter of Tito T. [Carlos T.], 144 AD3d 813, 814). Moreover, "pursuant to Family Court Act § 1061, the Family Court may, for good cause shown, set aside, modify, or vacate any order issued in the course of a child protective proceeding" (Matter of Jahred S. [Wilbert S.], 149 AD3d 963, 965; see Family Court Act § 1061). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the children after consideration of all relevant circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Jahred S. [Wilbert S.], 149 AD3d at 965; see Matter of Kevin M.H. [Kevin H.], 102 AD3d 690, 692).
Here, the Family Court providently exercised its discretion in granting the petitioner's motion to modify a permanency order dated November 18, 2022, and an order dated February 17, 2023, so as to, inter alia, vacate the provisions therein providing for certain unsupervised overnight [*2]parental access with the subject child, and in denying the mother's cross-motion, in effect, to enforce the overnight parental access provisions of those orders (see Family Court Act §§ 1030[c]; 1061). Contrary to the mother's contention, under the circumstances of this case, the court was not required to hold a hearing on the petitioner's motion and the mother's cross-motion (see Matter of Jenna C. [Omisa C.], 81 AD3d 941, 943; Matter of Attallah N., 65 AD3d 1047, 1048; Matter of Amir J.-L., 57 AD3d 669, 669-670).
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court