Matter of Mathias B. (Monique B.) (2025 NY Slip Op 05077)

Matter of Mathias B. (Monique B.)

2025 NY Slip Op 05077

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
HELEN VOUTSINAS
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-07833
 (Docket No. N-20217-23)

[*1]In the Matter of Mathias B. (Anonymous). Administration for Children's Services, respondent; Monique B. (Anonymous), appellant.

Brooklyn Defender Services (Brian Holbrook and Jenner & Block LLP, New York, NY [Jacob D. Alderdice, William S. C. Goldstein, and Todd Costa], of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jamison Davies and Amanda Abata of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Zoë Allen of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Jessica Sin, J.), dated July 19, 2024. The order, insofar as appealed from, after a hearing, granted that branch of the petitioner's motion which was to modify an order of disposition of the same court dated June 13, 2024, so as to place the child in the custody of the petitioner to the extent of placing the child in the custody of the nonrespondent father until June 13, 2025.
ORDERED that the appeal from so much of the order as placed the child in the custody of the nonrespondent father until June 13, 2025, is dismissed as academic; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
In October 2023, the petitioner, Administration for Children's Services (hereinafter ACS), commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child, who was five years old at that time, inter alia, by failing to provide him with proper supervision by placing him, unattended, in an Uber at 1:00 a.m., sending him to the home of an adult who was unaware the child was coming, and being unreachable for several days thereafter. In an order dated October 2, 2023, the Family Court directed the temporary removal of the child from the mother's care. In an order of fact-finding dated May 2, 2024, the court, upon the mother's consent to a finding of neglect without admission pursuant to Family Court Act § 1051(a), found that the mother neglected the child. In an order of disposition dated June 13, 2024, the court released the child to the mother with various conditions.
On July 8, 2024, ACS moved, among other things, pursuant to Family Court Act § 1061 to modify the order of disposition so as to place the child in ACS custody. Following a hearing pursuant to Family Court Act § 1061, the Family Court granted that branch of ACS's motion to the extent that of placing the child in the custody of the nonrespondent father until June 13, 2025. The mother appeals.
The appeal from so much of the order as placed the child in the custody of the nonrespondent father until June 13, 2025, has been rendered academic, since the period of placement has expired (see Matter of Esther R.-M.D. [Carry Q.], 232 AD3d 738, 739; Matter of Janiyah S. [Pedro H.], 226 AD3d 909, 910). However, that portion of the appeal which challenges the grounds for the Family Court's determination to modify the order of disposition so as to place the child in the custody of the nonrespondent father is not academic (see Matter of Angel L. IV [Angel L. III], 235 AD3d 757, 758; Matter of Jasir M. [Myaisha E.], 167 AD3d 1014, 1015).
"Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding '[f]or good cause shown'" (Matter of Jamel V.D.C. [Charlene M.], 227 AD3d 713, 715). "This statute expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare" (id. [internal quotation marks omitted]; see Matter of Boston G. [Jennifer G.], 157 AD3d 675, 677). "'As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record'" (Matter of Yosepha K. [Chana D.], 165 AD3d 932, 933, quoting Matter of Kenneth QQ. [Jodi QQ.], 77 AD3d 1223, 1224). "'[T]he conducting of a hearing under section 1061 is not mandated, but is left entirely to the Family Court's discretion'" (Matter of Myeenul E. [Mizanul E.], 160 AD3d 848, 850, quoting Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 209).
Contrary to the mother's contention, the Family Court did not improvidently exercise its discretion in limiting the scope of the hearing to the incident that led to ACS's motion, which was made less than four weeks after the order of disposition was issued (see Matter of Jamel V.D.C. [Charlene M.], 227 AD3d at 715; Matter of Sutton S. [Abigail E.S.], 152 AD3d 608, 609).
Further, the Family Court did not improvidently exercise its discretion in modifying the order of disposition by releasing the child to the father in light of, inter alia, evidence that the mother left the child with a neighbor she had known for two weeks without telling the neighbor or the child that she was leaving or providing the neighbor with her contact information, necessitating police involvement (see Family Ct Act § 1061; Matter of Nia J. [Janet Jordan P.], 107 AD3d 566, 567; Matter of Joyce A-M. [Yvette A.], 68 AD3d 417, 418).
CONNOLLY, J.P., VOUTSINAS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court