Matter of Kimora L.H. (Shanel W.) (2026 NY Slip Op 00897)

Matter of Kimora L.H. (Shanel W.)

2026 NY Slip Op 00897

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-07417
 (Docket Nos. N-36231-19, N-8101-20, N-11189-21)

[*1]In the Matter of Kimora L. H. (Anonymous). Administration for Children's Services, appellant; Shanel W. (Anonymous), respondent-respondent, et al., respondent. (Proceeding No. 1)
In the Matter of Kimarui W. (Anonymous). Administration for Children's Services, appellant; Shanel W. (Anonymous), respondent-respondent, et al., respondent. (Proceeding No. 2)

Steven Banks, Corporation Counsel, New York, NY (Melanie T. West and Shane Magnetti of counsel), for appellant.
Brooklyn Defender Services, Brooklyn, NY (Jessica Marcus and Dana Leib of counsel), for respondent-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the Administration for Children's Services appeals from an order of the Family Court, Kings County (Ben Darvil, Jr., J.), dated August 1, 2024. The order, after a hearing, in effect, modified an order of disposition of the same court dated August 24, 2023, so as to permit the mother to have unsupervised parental access with the subject children, including overnight parental access at any home cleared by the assigned foster care agency.
ORDERED that the order is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother derivatively abused the subject children based upon the death of the children's half-sibling (hereinafter the deceased child). After a fact-finding hearing, the Family Court, among other things, found that ACS established, by a preponderance of the evidence, that the mother abused the deceased child and derivatively abused the children. In an order of disposition dated August 24, 2023, the court placed the children in the custody of ACS, to be placed in kinship foster care. During the proceedings, the mother was initially permitted supervised parental access with the children and ultimately permitted unsupervised parental access up to three hours at a time, which was reflected in the order of [*2]disposition. After a hearing in 2024, the court, in effect, modified the order of disposition so as to permit the mother to have unsupervised overnight parental access with the children at any home cleared by the assigned foster care agency. ACS appeals.
In a child protective proceeding pursuant to Family Court Act article 10, "[t]he best interests of the children determine whether [parental access] should be permitted to a parent who has committed abuse or neglect" (Matter of Amparo B.T. [Carlos B.E.], 118 AD3d 809, 811; see Family Ct Act § 1030[c]). Moreover, "pursuant to Family Court Act § 1061, the Family Court may, for good cause shown, set aside, modify, or vacate any order issued in the course of a child protective proceeding" (Matter of Jahred S. [Wilbert S.], 149 AD3d 963, 965; see Family Ct Act §§ 1031[d]; 1061). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the children after consideration of all relevant circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Jahred S. [Wilbert S.], 149 AD3d at 965).
Contrary to ACS's contention, the Family Court's determination to permit the mother to have unsupervised overnight parental access with the children at any home cleared by the assigned foster care agency does not lack a sound and substantial basis in the record. Here, the testimony, including from the foster care agency caseworker, along with the documentary evidence, showed that the mother had completed the services requested of her, continued to engage in therapy, and adhered to the parental access schedule, including unsupervised visits, with the children. On this record, the court providently exercised its discretion in granting the mother unsupervised overnight parental access with the children (see generally Matter of Matthew W. [Mei Qi B.], 125 AD3d 677, 678).
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court