■ In the Matter of CHENDO O., and Another, Infants. (Appeal No. 1.) [598 NYS2d 883] —Order unanimously affirmed

without costs. Memorandum: In a fact-finding order entered July 29, 1988, Family Court found that respondent was not guilty of sexually abusing his twin daughters, born September 12, 1984, but that he had neglected them by permitting their sexual abuse while in his custody without providing appropriate supervision. Petitioner thereafter moved pursuant to Family Court Act § 1061 to modify that order. Petitioner's attorney asserted in a supporting affidavit that the children had not been in counselling at the time of trial and that the counselor who worked with them after the fact-finding order believed that respondent was the abuser. Petitioner's attorney attached a list of statements made by the children to their counselor as "proof" that they were abused by respondent. He also attached a letter from a social worker who, after meeting with respondent alone, and then with his children, stated therein his conclusion that the children had been abused by respondent. After a further hearing at which the counselor and the social worker testified, the court issued the order on appeal, entered December 26, 1989, which vacated the prior adjudication of neglect and found that respondent had abused both children.

Respondent argues that Family Court Act § 1061 applies to dispositional orders only and that the court lacked authority to vacate its prior fact-finding order. We conclude that section 1061 applies to both fact-finding and dispositional orders. The language of the statute, in relevant part, authorizes the court to modify or vacate "any order issued in the course of a proceeding under this article." Our conclusion is supported by the principle of statutory interpretation that, had the Legislature intended to exclude predispositional orders, it would have done so explicitly (McKinney's Cons Laws of NY, Book 1, Statutes § 74). Moreover, "a more general, all encompassing statement of authority over any prior order is hard to imagine" (Besharov, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1051, 1993 Pocket Part, at 174). Indeed, the CPLR provides for subsequent modification of factual findings under specified circumstances (CPLR 4404, 5015 [a] [2]). Finally, we note that the primary aim of the Family Court Act is to foster the best interests of children, and our conclusion that section 1061 authorizes the court to modify a prior fact-finding order based on a showing of good cause promotes the best interests of children.

Respondent failed to preserve for our review his contentions that petitioner did not show good cause as required by Family Court Act § 1061 or meet the test for newly discovered evidence under CPLR 5015 (a) (2), which he contends should be applied to Family Court Act § 1061 to define good cause.

Respondent argues that the evidence was insufficient to support the finding of abuse because the counselor who was permitted to provide an expert opinion had only 2½ years of experience when she counseled the children. Because respondent consented to petitioner's offer of the counselor as an expert witness, he has waived that argument. We reject the Law Guardian's argument that the evidence was insufficient to establish abuse; the counselor's validation testimony was sufficient to establish that respondent abused his children *(see, Matter of Nicole V.,* 71 NY2d 112, *rearg denied sub nom. Matter of Francis Charles W.,* 71 NY2d 890; *Matter of Linda K.,* 132 AD2d 149, *lv denied* 70 NY2d 616). Respondent also contends that, because the attorneys were not permitted to be present in chambers when the court interviewed the children and could not cross-examine them, the court is prohibited from considering their statements as corroboration of their hearsay statements, citing *Matter of Christiana F.* (74 NY2d 532). There is no indication in the record, however, that the court relied on in camera statements by the children.

Finally, the issue whether the appeal from the order entered December 26, 1989 was untimely was decided by this Court by order on a motion to dismiss the appeal entered September 30, 1992. (Appeal from Order of Erie County Family Court, Honan, J.—Custody.) Present—Denman, P. J., Pine, Balio, Boomer and Davis, JJ.