■ In the Matter of JOSEPH McGREW, Appellant, v CONNIE

CHASE, Respondent. [598 NYS2d 644] —Order unanimously reversed on the law without costs and custody of parties' children granted to petitioner in accordance with the following Memorandum: Family Court erred in granting custody of the three infant children to respondent mother. The record establishes that the best interests of the children require that custody be awarded to petitioner father (see, Domestic Relations Law § 240; *Eschbach v Eschbach,* 56 NY2d 167, 172; *Friederwitzer v Friederwitzer,* 55 NY2d 89).

Primary among the circumstances to be considered in determining the best interests of a child is "the quality of the home environment and the parental guidance the custodial parent provides for the child" *(Eschbach v Eschbach, supra,* at 172). Here, petitioner has worked at the same employment for the last eight years and lives in a six-bedroom home with a fenced-in yard that provides adequate space for the children. After being granted temporary custody, petitioner reduced his work hours to spend more time with the children and hired a live-in housekeeper to care for the children when he was at work. Additionally, before the parties' separation, petitioner to a great extent had the responsibility of cleaning the home and bathing and feeding the children.

Although respondent testified that she loved the children, the record demonstrates that, before the parties' separation, she did not always tend to the children's basic needs, but, rather, slept until noon and required petitioner's older children by another marriage to care for the younger children. Neighbors testified that respondent did not adequately care for the children or maintain the house. She left dirty dishes in the sink, dirty clothes everywhere, old food on the table. The bathrooms were dirty and stained. Respondent fed the babies from dirty bottles, left them in food-stained clothes and failed to change their diapers, which led to rashes and sores. The parties' oldest child was allowed to wear clothes in which she had soiled herself. Discipline of the children included slapping them, swearing at them and humiliating them. Respondent, in front of the children, threatened to kill herself and them, and on one occasion attempted suicide.

Respondent's assertion that petitioner abused the children was determined to be unfounded when investigated by the police. Indeed, the testimony of neighbors and petitioner's older children, along with the probation investigation, indicated that it was respondent who was abusive. Additionally, after the parties had separated respondent refused to permit

petitioner court-ordered visitation and boasted to a friend that she had told petitioner and a police officer that she had papers that prohibited him from taking the children for the weekend. Finally, a thorough and thoughtful report, prepared by the Law Guardian, strongly recommended that petitioner be given custody of the children.

It is therefore in the best interests of the children that petitioner be granted custody and that respondent be granted visitation. (Appeal from Order of Oneida County Family Court, Flemma, J.—Custody.) Present—Callahan, J. P., Green, Lawton, Doerr and Boomer, JJ.