■ In the Matter of ANGELINA AA. and Others, Children Alleged to be Abused. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; JOSEPH BB., Respondent, and CONNIE N., Appellant. [635 NYS2d 775] —Casey, J. Appeal from an order of the Family Court of Otsego County (Nydam, J.), entered August 26, 1994, which, in a proceeding pursuant to Family Court Act article 10, modified a previous order of the court by removing respondent's children from their mother's custody and placing them in the custody of respondent.

As a result of a decision rendered by the Fourth Department in May 1993 in a prior custody proceeding (*see*, Family Ct Act § 651 *et seq.*), custody of the three children who are the subject of this child protective proceeding (*see*, Family Ct Act art 10) was awarded to respondent based upon a finding that the best interests of the children required such a disposition (*Matter of*

*McGrew v Chase*, 193 AD2d 1119). While the prior custody proceeding was still pending, petitioner commenced the instant child protective proceeding based upon allegations that respondent had abused the children. By an amended order of disposition entered in December 1993 after a fact-finding hearing, Family Court determined that one of the children was an abused child as a result of respondent's sexual abuse and that the other two children were neglected. Custody of the children was granted to their mother, Connie N., for a period of one year. Based upon its "observation that this is a terribly dysfunctional family requiring supervision and intensive counseling", Family Court ordered, *inter alia*, that petitioner supervise the mother's custody of the children, with periodic reports to the court, and that the mother receive certain counseling and parenting classes.

Based upon a periodic report by petitioner which disclosed that the mother was not cooperating with petitioner's efforts to provide the services required by the amended order of disposition, Family Court notified all interested parties that it was scheduling further proceedings on its own initiative. Due to a lack of proper notice, the mother failed to appear on the original date scheduled by Family Court. The matter was adjourned and Family Court specifically invited petitioner to file a violation petition pursuant to Family Court Act § 1072, which petitioner declined to do. When the mother thereafter appeared and requested the assignment of counsel, Family Court determined that she was eligible, granted her request and adjourned the matter for one week. At the same time, however, citing Family Court Act § 1061, the court modified its amended order of disposition by granting custody of the children to respondent with certain conditions, pending further proceedings. Hearings were thereafter held which addressed the mother's lack of cooperation with petitioner's efforts to provide her with counseling and other services and also addressed respondent's fitness to have custody of the children, as well as other matters related to the children's health, safety and welfare. Based on the evidence presented at the hearing, Family Court, *inter alia*, placed custody of the children with respondent and granted visitation to the mother, resulting in these appeals by the mother and petitioner.

Family Court Act § 1061 authorizes Family Court to modify any order in a child protective proceeding "[f]or good cause shown", which "expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the further-

ance of the child's welfare" (Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1061, at 461). Giving Family Court the authority to modify an order upon a showing of good cause promotes the best interests of children (*Matter of Chendo O.*, 193 AD2d 1083, 1084). In this case, Family Court focused on the effect that the mother's lack of cooperation with petitioner was having on the welfare of the children, which we believe is an appropriate inquiry under the "good cause" provision of Family Court Act § 1061. The willfulness of the mother's conduct, which is a relevant inquiry under Family Court Act § 1072, was not at issue in this case and, therefore, we reject the mother's argument that Family Court was required to proceed under Family Court Act § 1072.

We agree with petitioner, however, that Family Court erred in modifying the prior order to remove the children from the mother's custody before holding the evidentiary hearing on the issue of "good cause". Family Court Act § 1061 authorizes modification only "[f]or good cause shown and after due notice". Family Court Act § 1011 states that article 10 proceedings are designed to provide due process of law. The immediate removal of the children from the mother in this case was not done after due notice, and the procedure clearly did not provide the parties with due process. Nor was good cause shown.

It is the general rule that "the State may not deprive a natural parent of the right to the care and custody of a child absent a demonstration of abandonment, surrender, persisting neglect, unfitness or other like behavior evincing utter indifference and irresponsibility to the child's well-being" (*Matter of Marie B.*, 62 NY2d 352, 358). In this case, however, the mother had no right to the care and custody of her children based upon her status as their natural parent. The order entered in the prior custody proceeding gave care and custody of the children to respondent. The mother's custodial rights in this case flow exclusively from the order of disposition entered in the child protective proceeding and it follows, therefore, that her rights can be affected by a modification of the order of disposition without a finding of abandonment, neglect or other similar misconduct. Nevertheless, the modification can occur only after due notice and upon a showing of good cause (Family Ct Act § 1061) and the parties are entitled to due process of law (Family Ct Act § 1011). Although the mother and petitioner received notice of "further proceedings", they received no notice that the children would or could be removed from the mother's custody immediately upon her appearance in Family Court. Nor were they given an opportunity to be heard on the

good cause issue before the prior order of disposition was modified and the children removed from the mother's custody. Although the mother was found eligible for assigned counsel, she was not represented by counsel when the children were removed from her custody.

In these circumstances, we conclude that Family Court's immediate removal of the children from the mother's custody violated the procedural requirement of Family Court Act § 1061 and the parties' right to due process. In addition to the procedural errors, the temporary order also violated the substantive requirement of Family Court Act § 1061, for it modified the order of disposition despite the absence of any evidence in the record to demonstrate good cause for the immediate modification of the order before evidentiary hearings could be held.

We also agree with petitioner that the error was not cured by the subsequent evidentiary hearings. The temporary order which immediately removed the children from the mother's custody states that it was without any prejudice to the mother's rights and was made pending further proceedings. Nevertheless, it is a well-established principle that stability is an important consideration in determining the best interest of a child (see, Friederwitzer v Friederwitzer, 55 NY2d 89, 94). Having already changed custody once in its temporary order, Family Court would naturally be reluctant to change custody back to the mother to avoid violating the foregoing principle. The effect, in our view, was to impose upon the mother and petitioner the burden of demonstrating to Family Court that the temporary order changing custody was wrong and that the children's custodial setting should be disrupted again by reinstating the custodial arrangement provided in the order of disposition. In the circumstances of this case, the error is such that reversal of the order on appeal is appropriate.

We note that our analysis would be different if there was evidence in the record to demonstrate a compelling need for the immediate removal of the children from the mother's custody to protect the children's welfare. We also note that the order of disposition granted custody to the mother for a one-year period, which has now expired. Accordingly, in light of the award of custody to respondent in the prior custody proceeding, the mother has no right to the custody of the children. Family Court, however, has continuing jurisdiction of this child protective proceeding and, therefore, the appropriate remedy is to remit the matter to Family Court to exercise that jurisdiction and to enter an appropriate order based upon current facts and circumstances.

Cardona, P. J., Mikoll, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision.