OPINION OF THE COURT
David Freundlich, J.
Pursuant to oral application made by the County of Suffolk, as petitioner in the above neglect proceeding, this matter was calendared on October 31, 1997, for purposes of hearing and determining the County’s application for a restraining order as set forth herein.
Specifically, the County has moved for an order, inter alia, prohibiting and restraining the respondent mother from removing herself and her child, Navron (date of birth Sept. 21, 1997) and travelling to California, Manhattan, potential locations in Nassau County and other sites beyond Suffolk County for the purpose of appearing on various and sundry television talk shows and providing interviews concerning the facts and circumstances which gave rise to the neglect adjudication herein. The County’s application was made on an exigent basis after it learned that the respondent mother, Shanta C., intended to appear on these "talk shows” with the child in the immediate future, said media appearances requiring that the mother and child leave the facility in which they were placed under the comprehensive neglect disposition entered on October 27, 1997, thereupon travelling to several broadcast locations beyond Suffolk County and New York State.
The court heard arguments on the record this date in support of and in opposition to the County’s application. In addition to hearing from the County (by Brian Mulholland, Esq.), the court heard argument from the respondent mother’s attorney, P. Glasser, Esq.; the subject child’s Law Guardian, M. Kane, Esq.; the appointed guardian ad litem for the respondent mother (a minor), D. England, Esq.; the Law Guardian for the respondent mother in a related neglect proceeding under docket No. N-304-97, Heidi Hilton, Esq.; and for the nonrespondent alleged biological father’s attorney, Richard Cunningham, Esq.
The respondent mother and the nonrespondent alleged father, via their respective counsel, opposed the County’s application and otherwise averred that the respondent mother and the subject child should be allowed to leave the court-ordered placement and appear on talk shows, for First Amendment reasons and for the purposes of economic and educational *720 gain. All other parties supported a restraint and absolute prohibition, generally asserting that the travel plans would violate and/or defeat the placement order and otherwise not be in the interests of either of the minors, to wit, the respondent mother (age 17) and the subject child (one month old).
The record of appearances on October 31, 1997 before the undersigned more fully and particularly sets forth the arguments advanced by each party on this issue. The court notes at the outset that a comprehensive neglect order was entered on October 27, 1997, wherein a specific finding of neglect was made against Shanta C. relative to her several failures and omissions as to the care and treatment of her newborn infant, Navron. Upon said finding of neglect, the order directed that the mother and child be placed in a residential program with the condition that the infant not be removed from Suffolk or Nassau County without the permission of the court or Suffolk County Department of Social Services. The order further placed the respondent mother and child under the supervision of the Department of Social Services in accord with Family Court Act § 1057 and further contained the mandates relating to parent training, medical care, drug testing and psychological examinations.
There is no dispute that the respondent mother has been adjudicated a neglectful mother and that she is subject to the full force and effect of the comprehensive dispositional order entered October 27, 1997 for one full year according to its terms. This order was entered in the best interests of the child in conformity with Family Court Act article 10, the expressed purpose of which is to "establish procedures to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being” (Family Ct Act § 1011). That the infant, Navron, is a ward of this court and subject to the court’s supervision, and that of the Department of Social Services, cannot be challenged. That the respondent mother, who has been found to have neglected the child, and who herself is a child who already is a ward of the court under a companion neglect case, is subject to the supervision of the court and the Department of Social Services, likewise cannot be challenged. Counsel’s suggestion that this 17-year-old neglectful mother, who is subject to a comprehensive court order, has an unfettered constitutional right to do the talk show circuit around the country, is summarily rejected by the court. Indeed, it is settled that "the power of the state to control the conduct of children reaches beyond the scope of its author *721 ity over adults” (Prince v Massachusetts, 321 US 158, 170; see also, Stephanie L. v Benjamin L., 158 Misc 2d 665 [Sup Ct, NY County 1993]). The court’s focus is not upon the personal rights and selfish interests of this lawfully supervised minor and/or her counsel. Indeed, the court’s concern is for the best interests of the minor mother and the newborn, as well as the effectiveness — and the purpose — of the dispositional order that was only recently entered in this neglect proceeding.
The court will accept the County’s application under Family Court Act § 1061, which provides for the court’s continuing jurisdiction over the parties, and which expresses a strong legislative policy in favor of having the court being forever watchful so that it can do that which is necessary in furtherance of the child’s welfare. (See, Matter of Angelina AA., 222 AD2d 967 [3d Dept 1995].) Under the circumstances outlined herein, the court is hard-pressed to find that Shanta C. should be allowed to leave the court-ordered placement — even for brief periods— with or without the child, to engage in interviews for purposes of public broadcast. In this respect, the court finds that such activity would likely defeat or at least impair the entire purpose of the neglect disposition, not to mention creating an atmosphere that takes away from the seriousness and the gravity of the entire neglect proceeding. The court is constrained to find that the newborn infant and his mother (a minor) must be cloaked with a veil of privacy, even one imposed by the County and the court, in order that they be able to reap the benefits of the dispositional order. The court must zealously protect this minor from her own misguided devices, which, in the long run, could cause irreparable harm to her and to her newborn. The court must act in the minors’ best interests.
On balance, and in consideration of the totality of the circumstances, the court finds there is good cause under Family Court Act § 1061 to modify the October 27, 1997, dispositional order, as follows:
1. The respondent, Shanta C., shall not leave the residential facility where she currently resides, for any purpose, with or without the child Navron, except as may specifically be approved by said facility and by the Suffolk County Department of Social Services.
2. The respondent, Shanta C., shall not engage in any interviews, discussions, appearances, conversations or colloquy with any individual associated with the television, radio, print, broadcast or film industry, nor shall she permit, cause, allow or facilitate the child, Navron, in engaging in such activity or *722 being the subject of any such activity. The foregoing prohibition against Shanta C. and. Navron C. shall apply to any location, within or outside of Suffolk County.