Matter of Jasir M. (Myaisha E.) (2018 NY Slip Op 08935)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Jasir M. (Myaisha E.)

2018 NY Slip Op 08935

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-12136
(Docket Nos. N-22511-15, N-22512-15, N-22513-15)

[*1]In the Matter of Jasir M. (Anonymous). Administration for Children's Services, petitioner-respondent; Myaisha E. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Jason M. (Anonymous). Administration for Children's Services, petitioner-respondent; Myaisha E. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Jayla E. (Anonymous). Administration for Children's Services, petitioner-respondent; Myaisha E. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)

David Laniado, Cedarhust, NY, for appellant. Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Elizabeth I. Freedman of counsel), for petitioner-respondent.
Jacqueline Cabrera, Jamaica, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Connie Gonzalez, J.), dated October 19, 2017. The order, insofar as appealed from, after a hearing pursuant to Family Court Act § 1061, modified an order of disposition of the same court dated March 21, 2017, so as to vacate the discharge of the subject children to the mother and to place the subject children in the care and custody of the Administration for Children's Services.
ORDERED that the order dated October 19, 2017, is affirmed insofar as appealed from, without costs or disbursements.
In November 2015, the Administration for Children's Services (hereinafter the agency) commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the three subject children. The mother consented to a finding of neglect without admission and, in an order of disposition dated March 21, 2017, entered upon the mother's [*2]default, the Family Court released the children to the custody of the mother with agency supervision for a period of 12 months. The children were subsequently removed from the mother's care on September 11, 2017, following her failure to abide by certain conditions of the order of disposition and her arrest for failure to appear before the court. Following a hearing pursuant to Family Court Act § 1061, inter alia, to determine if modification of the order of disposition was in the children's best interests, the court placed the children in the care and custody of the agency. The mother appeals.
Initially, contrary to the agency's contention, the mother's appeal from so much of the order dated October 19, 2017, as found that it was in the children's best interests to place them in the care and custody of the agency has not been rendered academic by subsequent permanency hearing orders continuing the children's placement with the agency (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; Matter of Victoria B. [Jonathan M.], 164 AD3d 578; cf. Matter of Hannah T.R. [Soya R.], 156 AD3d 886).
Family Court Act § 1061 provides that, for good cause shown, a court may set aside, modify, or vacate any order issued in the course of a child protective proceeding (see Matter of Yosepha K. [Chana D.], 165 AD3d 932). "The statute expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare'" (Matter of Kevin M.H. [Kevin H.], 102 AD3d 690, 691, quoting Matter of Angelina AA., 222 AD2d 967, 968-969; see Matter of Yosepha K. [Chana D.], 165 AD3d 932). " As with an initial order, the modified order must reflect a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record'" (Matter of Kevin M.H. [Kevin H.], 102 AD3d at 692, quoting Matter of Kenneth QQ. [Jodi QQ.], 77 AD3d 1223, 1224 [internal quotation marks omitted]; see Matter of Yosepha K. [Chana D.], 165 AD3d 932). A respondent's failure to comply with the conditions of an order of disposition and the effect of a respondent's lack of cooperation with the agency on the welfare of the child may constitute good cause to modify an order pursuant to Family Court Act § 1061 (see Matter of Yosepha K. [Chana D.], 165 AD3d 932; Matter of Angelina AA., 222 AD2d at 969).
Here, the Family Court's modification of the order of disposition so as to place the children in the care and custody of the agency is supported by a sound and substantial basis in the record. Evidence admitted at the hearing demonstrated that the mother failed to comply with conditions of the order of disposition in that she brought the children Jason and Jasir to school up to four hours late at least 132 times during the 2016/2017 academic year, failed to produce all the children for court-ordered therapeutic visitation with the father, failed to produce the children Jason and Jasir for psychiatric counseling, and failed to attend or complete services. The evidence also demonstrated that the children were not receiving regular medical care and were not up to date with their immunizations and physical examinations. Under these circumstances, and according deference to the court's credibility determinations, modification of the order of disposition and placement of the children with the agency was in the children's best interests (see Matter of Yosepha K. [Chana D.], 165 AD3d 932; Matter of Jahred S. [Wilbert S.], 149 AD3d 963). Contrary to the mother's contention, the court was not required to also find that the children were at imminent risk of harm if returned to the mother's care (see Family Ct Act §§ 1055, 1061; Matter of Kevin M.H. [Kevin H.], 102 AD3d at 692).
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court