Matter of Sophia W. (Tiffany P.) (2019 NY Slip Op 07079)





Matter of Sophia W. (Tiffany P.)


2019 NY Slip Op 07079


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-06985
 (Docket Nos. N-1658-17, N-1659-17)

[*1]In the Matter of Sophia W. (Anonymous). Administration for Children's Services, petitioner; Tiffany P. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Darius W. (Anonymous). Administration for Children's Services, petitioner; Tiffany P. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)


Michael E. Lipson, Jericho, NY, for appellant.
Lewis S. Calderon, Jamaica, NY, attorney for the child Sophia W.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery), attorney for the child Darius W.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated May 2, 2018. The order, insofar as appealed from, denied those branches of the mother's motion which were to modify an order of fact-finding and disposition of the same court dated July 27, 2017, so as to grant a suspended judgment, and to vacate the finding of neglect.
ORDERED that the order dated May 2, 2018, is affirmed insofar as appealed from, without costs or disbursements.
In January 2017, the Administration for Children's Services (hereinafter ACS) filed petitions alleging, inter alia, that the mother neglected the subject children, Darius W. and Sophia W. The petitions were based on an incident in which the child Sophia W., then age seven months, was treated at a hospital after ingesting marijuana in the parents' home. The petition also alleged that the mother neglected both children based on incidents of domestic violence perpetrated by the father against the mother in the presence of the children.
On June 15, 2017, the mother consented to a finding of neglect pursuant to Family Court Act § 1051(a). In an order of disposition dated July 27, 2017, the Family Court, inter alia, placed the child in the custody of ACS. The court further directed that the children be released to the custody of the mother on a trial basis no later than August 7, 2017.
The mother subsequently moved, inter alia, to modify the order of fact-finding and disposition so as to, in effect, vacate the finding of neglect and to retroactively grant a suspended [*2]judgment. By order dated May 2, 2018, the Family Court denied the mother's request for that relief, and the mother appeals. The court issued a permanency order dated April 19, 2018, releasing the children to the custody of the mother, without supervision.
Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding "[f]or good cause shown." The statute "expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare" (Matter of Angelina AA., 222 AD2d 967, 968-969 [internal quotation marks omitted]). " As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record'" (Matter of Jacob P.E. [Gustavo P.S.], 162 AD3d 1017, 1018, quoting Matter of Myeenul E. [Mizanul E.], 160 AD3d 848, 850).
Here, the Family Court did not improvidently exercise its discretion in determining that a modification of the order of fact-finding and disposition was not in the best interests of the children. The record of the proceedings showed, inter alia, that the mother has complied with services including parenting-skills courses and therapy, and that she has planned for the housing, educational, and medical needs of the children. The mother also asserts that the vacatur of the neglect finding is warranted, in light of her status as an employee of a public school. However, under the circumstances presented, including the grave medical harm to the child Sophia W. as a result of the January 2017 incident, and the young age of the children, the court did not improvidently exercise its discretion in denying the subject branches of the mother's motion (see Matter of Aaliyah B. [Althea R.], 170 AD3d 712, 712-713; Matter of Alisah H. [Syed H.], 168 AD3d 842, 844; cf. Matter of Leenasia C. [Lamarriea C.], 154 AD3d 1, 12-13).
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court