Matter of Giomari H. (Maisha H.) (2020 NY Slip Op 03010)





Matter of Giomari H. (Maisha H.)


2020 NY Slip Op 03010


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-07748
2019-07750
 (Docket Nos. N-11780-16, N-11781-16, N-11782-16)

[*1]In the Matter of Giomari H. (Anonymous). Administration for Children's Services, respondent; Maisha H. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Asharia W. (Anonymous). Administration for Children's Services, respondent; Maisha H. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Hakeem H. (Anonymous). Administration for Children's Services, respondent; Maisha H. (Anonymous), appellant. (Proceeding No. 3)


Lauri Gennusa, Jamaica, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Lorenzo Di Silvio of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Nesta N. Johnson and Janet Neustaetter of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Kings County (Erik S. Pitchal, J.), dated October 11, 2017, and (2) an order of disposition of the same court dated June 13, 2019. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject children. The order of disposition, insofar as appealed from, upon the order of fact-finding and after a dispositional hearing, placed the subject children in the care of the maternal great-grandmother until the completion of the next permanency hearing.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from the order of disposition is dismissed as academic, without costs or disbursements, except insofar as it brings up for review the order of fact-finding; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as placed the subject children in the care of the maternal great-grandmother until the completion of the next permanency hearing is academic, as additional permanency hearings have thereafter been held (see Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045; Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580).
In order to establish neglect, a petitioner must establish, by a preponderance of the evidence, that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired and that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Matter of Afton C. [James C.], 17 NY3d 1, 8-9). Here, the petitioner established by a preponderance of the evidence that the mother failed to provide the children with proper supervision, causing imminent risk of impairment to their physical, mental, or emotional condition (see Matter of Barry D. [Katrina B.], 178 AD3d 695, 696; Matter of Alan B., 267 AD2d 306, 307). Accordingly, we agree with the Family Court's determination that the mother neglected the children.
CHAMBERS, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court