Matter of Paris C. (Janaya D.C.) (2020 NY Slip Op 04939)





Matter of Paris C. (Janaya D.C.)


2020 NY Slip Op 04939


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-04795
 (Docket Nos. N-11275-18, N-1578-18)

[*1]In the Matter of Paris C. (Anonymous). Administration for Children's Services, petitioner; Janaya D. C. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Legacy P. (Anonymous). Administration for Children's Services, petitioner- respondent; Kalif P. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)


Daniel P. Moskowitz, Jamaica, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Ashley R. Garman of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne E. Mitchell and Riti P. Singh of counsel), attorney for the child Legacy P. (Anonymous).



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father of the child Legacy P. appeals from an amended order of disposition of the Family Court, Queens County (Connie Gonzalez, J.), dated March 26, 2019. The amended order of disposition, insofar as appealed from, after a hearing, inter alia, modified an order of fact-finding and disposition of the same court dated September 18, 2018, so as to place the child Legacy P. in the custody of the maternal great-grandmother until the completion of the next permanency hearing.
ORDERED that the appeal from so much of the amended order of disposition as placed the child Legacy P. in the custody of the maternal great-grandmother until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the amended order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In early 2018, the Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother and father neglected their child Legacy P. (hereinafter the child). Thereafter, the mother and the father each consented to the entry of a finding of neglect and, in two orders of fact-finding and disposition both dated September 18, 2018, each pertaining to the respective parent (hereinafter as to the father, the September 2018 order), the Family Court entered findings [*2]of neglect as against each parent, and imposed certain conditions upon each of the parents but released the child to their custody, subject to each of the parents' compliance with those conditions. Thereafter, ACS moved, in effect, to modify the September 2018 order so as to remove the child from the parents' care, alleging that the parents were not in compliance with the terms of the September 2018 order. Specifically, ACS alleged that the father failed to comply with the conditions in the September 2018 order requiring him to cooperate with ACS supervision and random drug testing. ACS also alleged that the father, among other things, refused to cooperate with early intervention services for the child and failed to comply with the recommendation of the child's medical doctor requiring the child to wear a helmet for 23 hours a day. The child was subsequently removed from the parents' care in November 2018 and placed with the maternal great-grandmother.
As is relevant to the father's appeal, following a hearing pursuant to Family Court Act §§ 1027 and 1061, the Family Court determined that the father failed to comply with the conditions in the September 2018 order, and, upon consideration of the child's best interests and whether the child would be at risk of abuse or neglect if returned to the father, the court issued an amended order of disposition dated March 26, 2019 (hereinafter the March 2019 order). The March 2019 order, among other things, placed the child in the custody of the maternal great-grandmother until the completion of the next permanency hearing. The father appeals.
The father's appeal from so much of the March 2019 order as placed the child in the custody of the maternal great-grandmother until the completion of the next permanency hearing is academic as a subsequent permanency hearing was held in November 2019 (hereinafter the November 2019 order) (see Matter of Giomari H. [Maisha H.], 183 AD3d 890, 891; Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045; Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580). The father has not appealed from the November 2019 order. Therefore, a decision from this Court on this issue would not " result in immediate and practical consequences to the parties'" (Matter of Victoria B. [Jonathan M.], 164 AD3d at 580, quoting Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 199). Accordingly, the father's appeal from that portion of the March 2019 order should be dismissed.
However, that portion of the father's appeal which, in effect, challenges the grounds for the Family Court's determination in its March 2019 order to modify the September 2018 order is not academic (see e.g. Matter of Jasir M. [Myaisha E.], 167 AD3d 1014, 1015; Matter of Victoria B. [Jonathan M.], 164 AD3d at 580). The court's determination that the father failed to comply with the terms of the September 2018 order has a sound and substantial basis in the record. Thus, good cause existed to modify the September 2018 order, and we agree with the court's determination that such modification was in the child's best interests (see Family Ct Act § 1061; Matter of Jasir M. [Myaisha E.], 167 AD3d at 1015; Matter of Yosepha K. [Chana D.], 165 AD3d 932, 933).
The father's remaining contention is without merit.
DILLON, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court