Matter of Jamel V. D. C. (Charlene M.) (2024 NY Slip Op 02320)

Matter of Jamel V. D. C. (Charlene M.)

2024 NY Slip Op 02320

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-04720
 (Docket No. N-6941-20)

[*1]In the Matter of Jamel. D. C., Jr. (Anonymous). Administration for Children's Services, respondent; Charlene M. (Anonymous), appellant. 

Austin I. Idehen, Jamaica, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Jesse A. Townsend of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Andrew T. Ford of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an amended order of the Family Court, Queens County (Emily Ruben, J.), dated May 4, 2023. The amended order, upon a decision dated May 2, 2023, granted, without a hearing, the petitioner's motion to modify so much of an order of fact-finding and disposition of the same court dated October 14, 2022, as placed the subject child in the custody of the petitioner with a restrictive placement with his maternal grandmother until the completion of the next permanency hearing so as to place the subject child in the custody of the petitioner with a nonrestrictive placement until the completion of the next permanency hearing and denied that branch of the mother's cross-motion which was to modify the order of fact-finding and disposition so as to place the subject child in the custody of the maternal grandmother.
ORDERED that the appeal from so much of the amended order as placed the subject child in the custody of the petitioner with a nonrestrictive placement until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the amended order is affirmed insofar as reviewed, without costs or disbursements.
The petitioner, Administration for Children's Services (hereinafter ACS), commenced this proceeding, alleging that the mother abused and neglected the subject child by killing the child's father. In an order of fact-finding and disposition dated October 14, 2022, the Family Court, upon the mother's consent to a finding of abuse without admission pursuant to Family Court Act § 1051(a), found that the mother abused the child and placed the child in the custody of ACS with a restrictive placement with the child's maternal grandmother until the completion of the next permanency hearing. On March 22, 2023, ACS moved pursuant to Family Court Act § 1061 to modify the order of fact-finding and disposition so as to place the child in the custody of ACS with [*2]a nonrestrictive placement. The mother opposed the motion and cross-moved, inter alia, to modify the order of fact-finding and disposition so as to place the child in the custody of his maternal grandmother. In an amended order dated May 4, 2023, the court granted, without a hearing, ACS's motion and denied that branch of the mother's cross-motion. The mother appeals.
The appeal from so much of the amended order as placed the child in the custody of ACS with a nonrestrictive placement until the completion of the next permanency hearing is academic, as a subsequent permanency hearing was held on July 10, 2023 (see Matter of Paris C. [Janaya D.C.], 186 AD3d 1360, 1361). However, that portion of the appeal which challenges the grounds for the Family Court's determination to modify so much of the order of fact-finding and disposition as placed the child in the custody of ACS with a restrictive placement with the maternal grandmother until the completion of the next permanency hearing so as to place the child in the custody of ACS with a nonrestrictive placement until the completion of the next permanency hearing is not academic (see id. at 1362; Matter of Jasir M. [Myaisha E.], 167 AD3d 1014, 1015).
Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding "[f]or good cause shown." This statute "'expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare'" (Matter of Yosepha K. [Chana D.], 165 AD3d 932, 933, quoting Matter of Angelina AA., 222 AD2d 967, 968-969; see Matter of Boston G. [Jennifer G.], 157 AD3d 675, 677). "'As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record'" (Matter of Yosepha K. [Chana D.], 165 AD3d at 933, quoting Matter of Kenneth QQ. [Jodi QQ.], 77 AD3d 1223, 1224; see Matter of Myeenul E. [Mizanul E.], 160 AD3d 848, 850). "'[T]he conducting of a hearing under section 1061 is not mandated, but is left entirely to the Family Court's discretion'" (Matter of Myeenul E. [Mizanul E.], 160 AD3d at 850, quoting Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 209). "Where the court possesses information sufficient to afford a comprehensive, independent review, a hearing is not required" (Matter of Sutton S. [Abigail E.S.], 152 AD3d 608, 609). Here, under the circumstances presented, the Family Court did not improvidently exercise its discretion in granting ACS's motion and denying the mother's cross-motion without conducting a hearing (see Matter of Sebastian P. [Lovette H.], 204 AD3d 803, 804; Matter of Sutton S. [Abigail E.S.], 152 AD3d at 609).
The parties' remaining contentions are either unpreserved for appellate review or without merit.
BRATHWAITE NELSON, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court