Matter of E.I. (Eboniqua M.) (2025 NY Slip Op 00022)

Matter of E.I. (Eboniqua M.)

2025 NY Slip Op 00022

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Docket No. NN-26318-19/22 Appeal No. 3369 Case No. 2024-01073 

[*1]In the Matter of E.I. and Another, Children Under Eighteen Years of Age, etc., Eboniqua M. Respondent-Appellant, Administration for Children's Services, Respondent-Respondent. 

The Bronx Defenders, Bronx (Rakaia Keef-Oates of counsel), for appellant.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), for the children.

Order, Family Court, Bronx County (E. Grace Park, J.), entered on or about February 7, 2024, which sua sponte modified a May 9, 2023 order of fact-finding and disposition to vacate the release of the subject children to respondent mother and to place them in the custody of the Commissioner of the Administration for Children's Services (ACS) pending a hearing on the agency's motion to extend the period of supervision by six months, and order, same court and Judge, entered on or about February 16, 2024, which, to the extent appealed from as limited by the briefs, after an extension hearing, continued the children's placement in the care and custody of ACS until the next permanency hearing, unanimously reversed, on the law and the facts, without costs, and the matter remanded for further proceedings consistent with this decision.
A parent's due process "interest in the care, custody, and control of their children . . . [and] the children[s'] . . . parallel right to be reared by their parent" continues even after a dispositional order in a Family Court article 10 proceeding (Matter of F.W. [Monroe W.], 183 AD3d 276, 280 [1st Dept 2020] [internal quotation marks omitted]).
Here, pursuant to a dispositional order, the children were released to their mother's care with ACS supervision. ACS moved pursuant to Family Court Act § 1061 to extend the period of supervision. Family Court violated the mother's due process rights when, on the return date of the motion, it sua sponte removed the children without giving the mother notice or an opportunity to be heard and, at a later hearing, effectively imposed upon the mother the burden of showing that the removal was unwarranted (see Matter of Angelina AA, 222 AD2d 967, 969 [3d Dept 1995]). There was nothing in the language of the agency's motion to put the mother on notice that the children might be removed from her care on the return date, and the record demonstrates that the mother was not given a meaningful opportunity to be heard on the issue (see id. at 969-970). Moreover, the agency maintained that it was in the children's best interests to remain with the mother, and the children's attorney supported the agency's position.
Furthermore, Family Court's decision to continue the children's placement in the agency's care until the next placement hearing was not supported by a sound and substantial basis in the record (see Matter of Leenasia C., 154 AD3d 1, 9 [1st Dept 2017]). Contrary to the court's conclusion, neither the initial neglect petition nor the order to show cause alleged that the mother used illicit substances or was impaired while taking care of the children. Moreover, during the 10-month period of supervision in 2023—2024, the mother submitted to at least three random drug screenings and tested negative for all illicit substances. When the mother underwent an evaluation by a credentialed alcohol and substance abuse counselor on February 1, 2024, she was not found to need any drug treatment [*2]services.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025