Matter of Angel L. (Angel L.) (2025 NY Slip Op 00865)

Matter of Angel L. (Angel L.)

2025 NY Slip Op 00865

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-09405
 (Docket No. N-755-21)

[*1]In the Matter of Angel L. (Anonymous) IV. Administration for Children's Services, petitioner- respondent; Angel L. (Anonymous) III, appellant, et al., respondent.

Lewis S. Calderon, Jamaica, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and D. Alan Rosinus, Jr., of counsel) for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Hannah Kaplan of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (Elenor Reid-Cherry, J.), dated August 28, 2023. The order, insofar as appealed from, after a hearing, granted that branch of the petitioner's motion which was to modify an amended order of the same court dated May 11, 2023, so as to place the subject child in the custody of the petitioner and placed the child in the custody of the petitioner until the completion of the next permanency hearing.
ORDERED that the appeal from so much of the order as placed the child in the custody of the petitioner until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
The petitioner, Administration for Children's Services (hereinafter ACS), moved, among other things, to modify an amended order of the Family Court dated May 11, 2023, so as to place the subject child in the custody of ACS. In an order dated August 28, 2023, the Family Court, inter alia, after a hearing, granted that branch of the motion and placed the child in the custody of ACS until the completion of the next permanency hearing. The father appeals.
Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding "[f]or good cause shown." This statute "'expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare'" (Matter of Yosepha K. [Chana D.], 165 AD3d 932, 933, quoting Matter of Angelina AA., 222 AD2d 967, 968-969). "'As with an initial order, the modified order must reflect a resolution [*2]consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record'" (id., quoting Matter of Kenneth QQ. [Jodi QQ.], 77 AD3d 1223, 1224).
The appeal from so much of the order as placed the child in the custody of ACS until the completion of the next permanency hearing is academic, as a subsequent permanency hearing was held in April 2024 (see Matter of Paris C. [Janaya D.C.], 186 AD3d 1360, 1361). However, that portion of the appeal which challenges the grounds for the Family Court's determination to modify the amended order so as to place the child in the custody of ACS is not academic (see Matter of Jamel V.D.C. [Charlene M.], 227 AD3d 713, 714-715).
Contrary to the father's contentions, the Family Court's determination that he failed to comply with the terms of the amended order has a sound and substantial basis in the record. Thus, good cause existed to modify the amended order, and the court properly determined that such modification was in the child's best interests (see Family Ct Act § 1061; Matter of Jasir M. [Myaisha E.], 167 AD3d at 1015).
CHAMBERS, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court